[No. 13770. In Bank. — April 1, 1891.]

THEOPHILE REMY, APPELLANT, v. E. J. OLDS ET
AL., RESPONDENTS.

88 537
o135 527
135 534

ACTION UPON CONTRACT — DAMAGES FOR BREACH — QUANTUM MERUIT —
PLEADING — JOINDER OF CAUSES OF ACTION. — A cause of action for
damages for several breaches of the terms of an express contract, and a
cause of action on a *quantum meruit* for work and labor performed and
materials furnished, may be united in the same complaint.

ID. — MATURITY OF CAUSE OF ACTION — NOTICE OF REPUDIATION OF CON-
TRACT — DEPENDENT COVENANTS — SURRENDER OF POSSESSION — TIME
OF SUIT FOR DAMAGES. — Where by the terms of a written contract
the plaintiff was to enter upon, use, and possess for three years certain
lands of the defendants under specified conditions and covenants, which
made the beneficial enjoyment of the lands by the plaintiff depend upon
the fulfillment of the contract by the defendants, a written notice of
repudiation of the contract, given by the defendants to the plaintiff at
a time when the plaintiff was not in default, whereupon the plaintiff
vacated the premises and defendants resumed possession thereof, consti-
tutes such a breach of the contract by the defendants as will authorize
the plaintiff to sue at once for damages for the breach, without waiting
for the time to arrive for the performance of the other conditions of the
contract.

ID. — CONSTRUCTION OF CONTRACT — IRRIGATION OF LANDS — FURNISHING
OF DITCH AND WATER RIGHT — DEPENDENT COVENANTS — TIME OF
PERFORMANCE. — Where by the terms of the contract the plaintiff was
required thoroughly to irrigate the lands of the defendants during a
specified period of time, and the defendants were to furnish a water
right, and to construct a canal or ditch along one side of the land, with-
out specifying a limit of time therefor, the contract will be construed to
mean that the ditch should be dug and the water furnished when the
time for the irrigation by the plaintiff arrived.

ID. — BUILDING OF FENCE — PERFORMANCE BY PLAINTIFF NOT DUE — CON-
SEQUENCES OF DEFENDANT'S BREACH — EXCUSE FOR NON-PERFORMANCE.
— Where the failure of the defendants to furnish the water required for
irrigation as agreed caused the death of vines, for the protection of which
the plaintiff had agreed to build a fence upon the defendant's land, per-
formance of the plaintiff's covenant to build the fence was not due, and
is not necessary to be excused in an action for the breach of the contract
on the part of the defendants.

ID. — READINESS OF PLAINTIFF TO PERFORM — PREVENTION OF PERFORM-
ANCE. — Conceding that the failure of plaintiff to build the fence was
necessary to be excused, an allegation that the plaintiff was ready and
willing to irrigate, prune, cultivate, and in every way care for the vines
and trees as promised in the agreement, is a sufficient allegation to cover
the plaintiff's obligation to build the fence to protect the vines and trees,
which are alleged to have died owing to the failure of the defendants to
furnish the water for irrigation, as agreed by them.

Id. — CONTRACT OF SALE — ACTION FOR BREACH — DEMAND FOR DEED —
WAIVER — REPUDIATION OF CONTRACT. — Where it appears from the
defendants' act, in expressly repudiating a contract for a sale of land,
that a demand upon them for a deed would have been refused, the de-
fendants cannot object that no such demand was made by the plaintiff
before suit for breach of the contract.

Id. — MAXIM — USELESS ACT. — The law does not require the performance
of a useless act.

PLEADING — JOINDER OF CAUSES OF ACTION — GENERAL DEMURRER. —
Where two causes of action are united in a complaint, if either count of
the complaint states facts sufficient to constitute a cause of action, a
general demurrer to the complaint should be overruled.

APPEAL from a judgment of the Superior Court of
Merced County.

The facts are stated in the opinion.

*Breckinridge & Peck,* and *Law & Law,* for Appellant.

*J. C. Campbell, Baldwin & Campbell, J. W. Knox,* and
*R. W. Ward,* for Respondents.

FITZGERALD, C. — This is an action for damages for
breach of contract.

Two alleged causes of action are separately stated in the
amended complaint, in each of which the contract, which
is in writing, is declared on *in hæc verba,* and contains,
in brief, the following terms and conditions: —

On the part of plaintiff: —

1. During the fall of 1888 to thoroughly plow, level,
and put in good condition to irrigate and plant in vines
and trees, all of lots 49 and 50.

2. Before April 1, 1889, to thoroughly irrigate, cultivate,
and plant one fourth each of said lots in first-class Mal-
aga raisin grape-vines, and the remaining three fourths
of each of said lots in first-class muscat raisin grape-vines,
and to plant around each of said lots in the manner
therein provided, such trees as the defendants should fur-
nish for that purpose.

3. For three full years from date of contract, to irri-
gate, cultivate, prune, and in every way properly care for,

and each year during said term replant at his own cost, all of the vines and trees planted or set out by him on lots 49 and 50 which should die or fail to thrive during that time.

4. To protect, for said full term of three years, said vines and trees by a good rabbit-tight fence around each of said lots, with the right granted to plaintiff to remove said fence at the end of said term if he shall so desire.

5. To deliver to defendants at the end of said term of three years all of said lots 49 and 50 fully set out and planted in vines and trees as herein agreed, all of said trees and vines to be in good, thrifty condition.

6. To immediately construct, whitewash or paint a dwelling-house upon lots 71 and 72, and keep the same in good condition during the entire term.

On the part of defendants:—

1. To allow plaintiffs to enter upon at once and to use and possess, for three years from date of contract, for the purposes heretofore mentioned, all of lots 49 and 50.

2. To allow plaintiff to have the use and possession of all of lots 71 and 72 during the whole of said term for such purposes as he shall desire.

3. To furnish to plaintiff one half of one full water right from the Crocker-Huffman Canal and Irrigation Company, and to construct a canal or ditch from the nearest branch of said Crocker-Huffman Canal, along Hattley Avenue, to and along one side of said lots 49 and 72.

4. On October 3, 1891, provided plaintiff shall have complied with all the terms and conditions on his part, to execute to plaintiff a conveyance of all of lots 71 and 72.

Time is made the essence of the contract, and plaintiff and defendants bind themselves, each one to the other, for the faithful performance of all the covenants of the contract in the penal sum of ten thousand dollars as liquidated damages to be paid by the failing party to the other.

The complaint specifically alleges: 1. Performance or excuse of performance, by plaintiff, of each obligation resting upon him prior to the notice of repudiation by defendants; 2. Readiness and willingness to perform others; 3. Prevention of performance by defendants failing and refusing to dig the ditch and furnish the water; 4. That on June 10, 1889, while plaintiff was in possession of said land under said contract, and engaged in performing the covenants on his part to be performed, defendants notified plaintiff, in writing, that they, defendants, would not perform said contract on their part, and then and there prevented plaintiff from any further performance of the terms of said contract on his part, and that said notice has never been retracted; that plaintiff, within a reasonable time after receipt of said notice, removed and vacated, and defendants entered upon and took possession of, said lands in said contract mentioned.

There is also a general allegation of performance of all the conditions precedent on plaintiff's part to be performed, except in so far as he was prevented by the acts or omissions of defendants.

Defendants demurred generally to the whole complaint, and separately upon the same grounds to each cause of action therein stated, which demurrer was sustained by the court below, and upon plaintiff refusing to further amend, final judgment was rendered in favor of defendants. The case comes here by appeal upon the judgment roll alone.

The first objection taken by the demurrer, that several causes of action have been improperly united, is disposed of by the statement that the separate causes of action stated in the amended complaint arose out of the express or implied terms and conditions of the same contract. In other words, the first cause of action stated is for damages for breaches of the actual terms of the contract, with each item of damage separately and spe-

cifically alleged, and all summed up into one general allegation of damages.

The statement of the second cause of action is on a *quantum meruit*, and particularizes each item of work and labor performed and materials furnished, and the reasonable value thereof.

Several causes of action may be united in the same complaint where they all arise out of contracts expressed or implied. (Code Civ. Proc., sec. 427, subd. 1.)

Under the second objection, that the complaint does not state facts sufficient to constitute a cause of action, several questions are raised, and such of them as are necessary for us to consider will be taken up and briefly disposed of in the order in which they are presented.

1. "The action is prematurely brought." The complaint shows upon its face that the action was brought subsequent to the written notice of the repudiation of the contract by defendants, when the plaintiff was not in default, and after he had removed from and vacated, and defendants had entered upon and taken possession of, the premises heretofore mentioned. This constituted such a breach as authorized the plaintiff to immediately sue without waiting for the time to arrive for the performance of the other conditions. (Civ. Code, sec. 1440; *Hale* v. *Trout*, 35 Cal. 229; *Bunge* v. *Koop*, 48 N. Y. 225; 8 Am. Rep. 546; *Crist* v. *Armour*, 34 Barb. 378.)

2. Nor is there anything in the point contended for, that defendants had until October, 1891, within which to dig the ditch and furnish the water. This provision of the contract is susceptible, as we think, of but one construction, and that is, that the ditch should be dug and the water furnished when the time for irrigation by plaintiff arrived, and this was fixed by the terms of the contract at a period prior to April 1, 1889. *Chipman* v. *Emeric*, 5 Cal. 49, 63 Am. Dec. 80, is not in point.

3. Nor is the point well taken that there is no allega-

tion of performance or excuse for non-performance of the convenant to protect the trees and vines by building around lots 49 and 50 a rabbit-tight fence. The contract plainly shows that the fence was intended solely for the *protection* of the vines and trees, and until there were vines and trees to protect, there was no necessity for the fence. The complaint alleges that the vines died (the trees never having been furnished) for the want of the water which the defendant agreed but failed to furnish. Performance of this covenant was not due, therefore not necessary to be excused.

But admitting that it was, the allegation, " was ready and willing to irrigate, prune, cultivate, and in every way care for said vines and trees, as promised in said agreement," is sufficiently broad to cover this obligation. (*Bunge* v. *Koop*, 48 N. Y. 225; 8 Am. Rep. 546; *Crist* v. *Armour*, 34 Barb. 378; *Hale* v. *Trout*, 35 Cal. 229.)

The only other point which we propose to notice, that the suit cannot be maintained because there is no allegation of demand for a deed, is equally untenable.

Such demand was unnecessary. Why should the plaintiff be required to do that which the defendants have expressly notified him in writing that they would not do? The law does not require the performance of a useless act, and when it is made to appear by the defendant's own act that the demand would have been refused, then they cannot be heard to object that no demand was made. (*Parrott* v. *Byers*, 40 Cal. 614; *Wood* v. *McDonald*, 66 Cal. 546.)

While we are of the opinion that the first cause of action, as stated in the amended complaint, is not entirely free from defects, some of which might have been reached by special demurrer, yet on the whole we are satisfied that it states facts sufficient to constitute a cause of action.

In relation to the second cause of action, which is a

statement on a *quantum meruit,* we have been unable to discover any defect whatever,—a position evidently concurred in by counsel for respondents, for they do not appear to have urged any very serious objection to it. If either cause of action states facts sufficient to constitute a cause of action, then the demurrer should have been overruled.

We therefore advise that the judgment be reversed and the cause remanded, with directions to the court below to overrule the demurrer.

FOOTE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed and the cause remanded, with directions to the court below to overrule the demurrer.