[Civ. No. 452.   Third Appellate District.—April 23, 1908.]

## O. A. LOWE, Respondent, v. YOLO COUNTY CONSOLIDATED WATER COMPANY, a Corporation, Appellant.

Water Rights—Damages for Nondelivery by Water Company—Sufficiency of Complaint.—A complaint to recover damages for nondelivery of·water by the defendant water company to the plaintiff for irrigation of his lands, which shows that plaintiff is entitled to the water claimed for that purpose, and which alleges the demand and tender of established water rates, and all the facts contemplated in section 10 of the ''Act to regulate the sale, rental and distribution of water in this state,'' approved March 12, 1885, as a precedent to, and as a basis for, the liability of the water company for damages to the extent of the injury sustained by the plaintiff, states a sufficient cause of action.

Id.—Sufficiency of Water to Supply Needs—Preference of Other Customers—Matter of Defense.—Where the complaint alleges a sufficiency of water to supply the demands of the stockholders and of the plaintiff at the time of his demand and tender, and does not show any facts entitling any stockholders to a preference under section 552 of the Code of Civil Procedure, such preference does not arise upon the demurrer, but is matter of defense to be disclosed by the answer.

Id.—Need of Irrigation for Plaintiff's Lands—Loss of Alfalfa Crop.—The need of irrigation for plaintiff's lands, and that irrigation would benefit them, is sufficiently shown by the averment ''that by reason of the refusal of said defendant to furnish plaintiff with water as aforesaid, the said crop of alfalfa growing on said tract of land has become lost and destroyed.''

Id.—Averment of Tender—Presumption.—The averment that the plaintiff tendered to the defendant in cash the sum of one hundred dollars in advance for the payment of such waters as might be furnished by the defendant at the rates established by the board of supervisors, is not open to attack by general demurrer, and in considering the complaint it cannot be presumed that the tender was objected to by the defendant, as to its form or the sufficiency of the amount offered.

Id.—Refusal Prior to Demand—Specific Demand and Tender Waived.—Where the complaint alleged that, prior to the demand, defendant refused to supply the plaintiff with water for irrigation purposes, or at all, a specific demand and tender were thereby waived.

Id.—Defective Averments Supplied by Answer not Prejudicial.—Where defective averments in the complaint were supplied by aver-

ments in the answer, and thereby all of the material issues were clearly presented by the pleadings, it cannot be objected that the defects in the complaint were material to the cause of action or were prejudicial to the defendant.

Id.—Want of Certainty in Allegations not Ground of Reversal.—Mere want of certainty and accuracy in allegations, notwithstanding a demurrer on that ground was tenable, would not be ground for reversing the judgment of the trial court, based upon the trial of the issues joined upon the complaint and answer.

Id.—Breach of Obligation not Arising upon Contract—Exemplary Damages.—Where the breach of the obligation does not arise upon contract, but arises from the constitution declaring that the use of all water furnished for sale, rental or distribution shall be a public use and subject to the regulation and control of the state in the manner prescribed by law, the fact that the law provides for. actual damages does not preclude the allowance of exemplary damages under section 3294 of the Civil Code in addition to the actual damages, where the defendant is shown to have been guilty of oppression, fraud or malice.

Id.—Intention of Legislature—Presumption.—It is not to be presumed that the legislature, in the enactment of statutes, intends to overturn long-established principles of law, unless such intention is made clearly to appear, either by express declaration or by necessary implication.

APPEAL from a judgment of the Superior Court of Yolo County. E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

A. L. Shinn, and N. A. Hawkins, for Appellant.

Arthur C. Huston, for Respondent.

BURNETT, J.—This is an appeal on the judgment-roll alone from a judgment rendered upon the verdict of a jury awarding plaintiff $599, actual damages, and $500, exemplary damages, for failure to deliver water to the plaintiff for the irrigation of certain lands consisting of forty-two acres in Yolo county.

.Appellant declares that "the sufficiency of the complaint and the right of plaintiff to recover exemplary damages are the only questions involved on the appeal."

1. The first point urged against the complaint is based upon the principle that prior users have a preferred claim to the waters supplied by a corporation organized for the sale and distribution of water, and, therefore, it is contended plaintiff must allege that the defendant has sufficient water to supply plaintiff's wants "after all other consumers theretofore applying as well as theretofore supplied, or who had contracts with the defendant for the supplying of water, had been fully supplied."

The claim is made by virtue of section 552 of the Civil Code, which provides that "Whenever any corporation, organized under the laws of this state, furnishes water to irrigate lands which said corporation has sold, the right to the flow and use of said water is and shall remain a perpetual easement to the land so sold, at such rates and terms as may be established by said corporation in pursuance of law. And whenever any person who is cultivating land, on the line and within the flow of any ditch owned by such corporation has been furnished water by it, with which to irrigate his land, such person shall be entitled to the continued use of said water, upon the same terms as those who have purchased their land of the corporation."

But, as pointed out by respondent, there is nothing in the complaint to show that said section 552 has any application, and the demurrer, of course, is addressed to the case as presented; and we cannot assume that there are others entitled to preference. If so, it is the proper procedure to disclose it by the answer, as it is matter of defense. (*Fellows* v. *City of Los Angeles*, 151 Cal. 52, [90 Pac. 137].)

As said in *Crow* v. *San Joaquin Irr. Co.*, 130 Cal. 309, [62 Pac. 562, 1058] : "Under the provisions of section 1 of article 14 of the constitution, and of the act of March 12, 1885, to enforce the same, the sale, rental or distribution of water is declared to be a 'public use,' and it is made the duty of a water company supplying water for distribution to furnish water upon tender of the established rates, and no other duty than such tender can be lawfully prescribed or imposed by such company as a condition for supplying water as required by law."

We think that plaintiff shows clearly by his complaint that he is entitled to the water which he claims. It appears that

appellant is the owner of large and valuable water rights, and that through its various ditches it was diverting the waters of Cache creek and supplying the same to the farming neighborhoods mentioned; that at all the times herein mentioned the said defendant had sufficient water to supply the demands of the stockholders, and also to furnish the plaintiff herein with the water necessary to irrigate the lands hereinbefore referred to at the time of the service of the demand as alleged and subsequent thereto, "and furthermore, that at the time of said demand and subsequent thereto, the said defendant had an ample supply of appropriated waters as aforesaid for the purpose of furnishing the said plaintiff with water for the irrigation of said lands; that notwithstanding the said payment and tender the said defendant refused to comply with said demand to the extent of its reasonable ability so to do, and said defendant further refused to and has not complied with said demand at all."

By these and subsequent allegations the plaintiff brought himself within the terms of section 10 of the "Act to regulate and control the sale, rental and distribution of appropriated water in this state," etc., approved March 12, 1885 (Stats. 1885, p. 98), which provides that "Every person, company, association and corporation having in any county in the state . . . appropriated waters for sale, rental or distribution to the inhabitants of such county, upon demand therefor and tender in money of such established water rates, shall be obliged to sell, rent or distribute such water to such inhabitants at the established rates regulated and fixed therefor, as in this act provided, whether so fixed by the board of supervisors or otherwise, *to the extent of the actual supply* of such appropriated waters of such person, company, association or corporation for such purposes. If any person, company, association or corporation, having water for such use, shall refuse compliance with such demand, or shall neglect for the period of five days after such demand to comply therewith to the extent of his or its reasonable ability so to do shall be liable in damages to the extent of the actual injury sustained by the person or party making such demand or tender, to be recovered, with costs." The complaint before us alleges all the facts contemplated by said section as precedent to, and the basis for, the liability of the corporation, and we can see

no warrant for holding that the court erred in overruling the demurrer.

2. The suggestion that "there is no averment that plaintiff's land required or needed irrigation or that irrigation would be of any benefit" does not appeal to us as possessing substantial merit. The following allegation is sufficient to cover the point: "That by reason of the refusal of said defendant to furnish plaintiff with water as aforesaid, the said crop of alfalfa growing on said tract of land has become lost and destroyed."

3. Objection is made to the sufficiency of the tender. Conceding that the allegation is not as full and explicit as it should be, it is not open to attack by general demurrer. It is averred that the plaintiff tendered defendant in cash the sum of $100 in advance for the payment of such waters as might be furnished by defendant at the rates established by the board of supervisors. This should be deemed sufficient in the absence of any objection to the form of the tender or the amount offered. In considering the complaint we cannot presume that any such objection was made. Section 2076 of the Code of Civil Procedure provides that "The person to whom a tender is made must, at the time, specify any objection he may have to the money, instrument or property, or he must be deemed to have waived it; and if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms or kind which he requires, or be precluded from objecting afterward."

In the absence of any such objection proof of the tender as alleged would be sufficient, and hence the allegation without any indication of such objection should be held to meet the requirement of good pleading.

In *Mullally* v. *Townsend,* 119 Cal. 51, [50 Pac. 1066], it is said that "Any language intended to constitute a demand, and which plainly informs the party of whom the demand is made that he is required to perform the duty or obligation to which the demand refers, is sufficient. A demand, however, like all allegations of fact, should be pleaded with directness and certainty. But whether any given essential allegation should be held sufficient on appeal often depends upon the manner in which it is attacked. Objections which go to

the sufficiency of the statement of facts, and not to the facts themselves, must be by special demurrer pointing out the particular defects complained of."

But, again, the complaint alleges "that prior to the demand the said defendant refused to furnish the said plaintiff with water for irrigation purposes or at all."

Under such circumstances it is difficult to see the necessity for any specific demand or tender. In *Remy* v. *Olds*, 88 Cal. 542, [26 Pac. 355], it is said: "The only other point which we propose to notice, that the suit cannot be maintained because there is no allegation of demand for a deed, is equally untenable. Such demand was unnecessary. Why should the plaintiff be required to do that which the defendants have expressly notified him in writing that they would not do? The law does not require the performance of a useless act, and when it is made to appear by the defendant's own act that the demand would have been refused, they cannot be heard to object that no demand was made." (*Koyer* v. *Willmon*, 150 Cal. 785, [90 Pac. 135].)

Appellant contends that this rule is not applicable here, for the reason that "the demand creates the cause of action and no right exists until the demand has been made." Ordinarily, this would be true in the case of a party seeking water for irrigation from a public service corporation, but here the appellant placed itself in default by its refusal on any terms to furnish any water whatever to respondent. The allegation of refusal implies, of course, that some sort of request or demand was made upon appellant to furnish plaintiff with water, but its treatment of the latter excused any more specific demand or any tender.

But, again, if some of the facts necessary to a cause of action were somewhat defectively alleged, it resulted in no prejudice to appellant, as the omission was supplied by the allegations of the answer, and thereby all the material issues were clearly presented by the pleadings. In *Alexander* v. *Central Lumber etc. Co.*, 104 Cal. 536, [38 Pac. 410], it is said: "It is not in all cases where error has been committed by trial courts in overruling demurrers to complaints upon the grounds of ambiguity or uncertainty that this court will order a reversal of the judgment, based upon the trial of the issues made by the complaint and answer. The same rule ap-

plies to errors of this character as is invoked as to all other errors of the court. It must not be mere abstract error, but it must be prejudicial and injurious error in order to avail appellant, for otherwise he has no cause of complaint.'' (See, also, *Dennis* v. *Crocker-Huffman L. & W. Co.*, 6 Cal. App. 58, [91 Pac. 425].)

The rule does not apply, manifestly, where there is an entire failure to state a cause of action, but that is not the case here. At most, there is some uncertainty and want of accuracy in certain allegations, but assuming that the demurrer upon the ground that the complaint "is uncertain and ambiguous and unintelligible" challenges consideration of the alleged defects, we would not be justified in reversing the ruling of the trial court.

4. The complaint alleges as the basis for exemplary damages: "That the said defendant refused to comply with said demand and refused to supply the plaintiff with water unless the said plaintiff would repay to the said defendant the amount paid by said defendant to plaintiff for the right of way across his lands for the said ditch or canal; that the said refusal of the said defendant was wanton, willful, malicious and without any right whatever, and was made for the purpose of extorting from this plaintiff the amount of money paid by said defendant to said plaintiff for said right of way . . . and for the purpose of damaging, injuring and destroying the crop growing on said lands and for the purpose of vexing, harassing and annoying this plaintiff herein."

This would seem to be sufficient to bring the case within section 3294 of the Civil Code which provides that: "In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."

The action is for the breach of an obligation arising from the constitution and statutes and not from contract, and there is no doubt the allegations of the complaint disclose oppression and malice; but it is urged by appellant that the statute of 1885, *supra,* section 10, provides the penalty, viz.: "Damages to the extent of the actual injury sustained," and that "Where an obligation is created by statute and the same stat-

ute prescribes a penalty for a breach of the obligation, no other or additional penalty can be allowed.'' But we do not understand that the obligation to furnish the water arises from the statute, but it is created rather by the constitution, which declares that the use of all water appropriated for sale, rental or distribution shall be a public use, and subject to the regulation and control of the state, in the manner to be prescribed by law. (Const., art. 14, sec. 1.) In *Price* v. *Riverside Land I. Co.,* 56 Cal. 433, it is said: ''Every corporation deriving its being from the act above cited has impressed upon it a public trust—the duty of furnishing water, if water it has, to all those who come within the class or community for whose alleged benefit it has been created. . . . The duty exists without any express statutory words imposing it wherever the public use appears.'' It is true the constitution did not provide for the control and regulation of the use of the water outside of cities and towns, and the omission was supplied by the said act of 1885, but this latter is not the source of the obligation, but provides the conditions under which the obligation shall be discharged. The said act prescribes the general rule for damages for failure to discharge the duty to furnish water, but there is nothing in the statute to indicate the purpose of the legislature to relieve the corporation from the operation of the special provision of the code as to those exceptional cases where the delinquent is guilty of fraud, oppression or malice.

It is not to be presumed that the legislature in the enactment of statutes intends to overturn long-established principles of law unless such intention is made to clearly appear either by express declaration or by necessary implication. (*In re Garcelon,* 104 Cal. 584, [43 Am. St. Rep. 134, 38 Pac. 414].)

In the case of *Lyles* v. *Perrin,* 119 Cal. 264, [51 Pac. 332], the right to recover punitive damages in this class of cases seems to be recognized. It is there said: ''Instruction 15, asked by the defendant, by which the court was requested to instruct the jury substantially that there was no evidence in the case which would warrant any punitive damage, was properly refused.''

In Sutherland on Damages, page 1093, the rule is announced as follows: ''If a wrong is done willfully, that is, if a tort is committed deliberately, recklessly, or by willful negligence,

with a present consciousness of invading another's right, or of exposing him to injury, an undoubted case is presented for exemplary damages.''

In *Greenberg* v. *Western Turf Assn.*, 140 Cal. 358, [73 Pac. 1050], it is held as stated in the syllabus that: ''The provision of the statute for a penalty of one hundred dollars in addition to the actual damages is not exclusive of punitive damages in a case justifying punitive damages; and it was proper to instruct the jury in accordance with section 2292 of the Civil Code that if they found the defendant had been guilty of oppression, fraud or malice, actual or presumed, they might in addition to actual damages give damages for the sake of example and by way of punishing the defendant.''

The reasoning in that case is pertinent here. We can see no good reason for holding that appellant is an exception to the rule which imposes an additional penalty for fraud, oppression or malice.

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 22, 1908.