**In re PARIS AIR CRASH OF MARCH 3, 1974.**

**MDL No. 172.**

United States District Court, C. D. California.

Feb. 23, 1976.

Wm. Marshall Morgan, Los Angeles, Cal., for Liaison & Coordinating Counsel.

Lee S. Kreindler, New York City, Gerald C. Sterns, San Francisco, Cal., for Discovery Committee.

Mark P. Robinson, Los Angeles, Cal., for Crew Discovery Committee.

F. Lee Bailey, Boston, Mass., and Aaron J. Broder by Seymour Madow, New York City, Butler, Jefferson & Fry by James G. Butler, James M. Jefferson, Robert P. Fry, Michael A. K. Dan, Moses Lebovits, Chase, Rotchford, Drukker & Bogust by Henry J. Bogust, Los Angeles, Cal., Goldfarb & Singer, Washington, D. C., Green, Royce & Seaman by Irving H. Green, Hodge & Hodges by John R. Skoog, Horgan & Robinson by Mark P. Robinson, Los Angeles, Cal., Kreindler & Kreindler by Lee S. Kreindler, Marc S. Moller, Melvin I. Friedman, New York City, Krutch, Lindell, Donnelly, Dempcy, Lageschulte & Judkins, P. S. by Richard F. Krutch, Vernon T. Judkins, Seattle, Wash., Lewis, Wilson, Cowles, Lewis & Jones, Ltd. by Richard H. Jones, Arlington, Va., McGrail & Nordlund by Joseph V. McGrail, Alexandria, Va., Magana & Cathcart by Daniel C. Cathcart, James J.

McCarthy, Morgan, Wenzel & McNicholas by Wm. Marshall Morgan, David Noble, Los Angeles, Cal., Paul, Weiss, Rifkind, Wharton & Garrison by Joseph S. Iseman, John J. O'Neil, New York City, Shahin & Wawro by James Wawro, Los Angeles, Cal., Sherman & Schwartz, Ins. by Arthur Sherman, Beverly Hills, Cal., Speiser & Krause by Stuart M. Speiser, Charles F. Krause, New York City, Speiser, Krause & Madole by Donald W. Madole, A. George Glasco, Juanita M. Madole, Washington, D. C., Walkup, Downing & Sterns by Gerald C. Sterns, Thomas G. Smith, San Francisco, Cal., Walsh & Levine by Laurence W. Levine, New York City, for plaintiffs.

Gibson, Dunn & Crutcher by Robert Forgnone, Kirtland & Packard by Robert C. Packard, Jacques Soiret, Los Angeles, Cal., Mendes & Mount by James M. Fitz-Simons, Joseph Asselta, New York City, Tuttle & Taylor by William A. Norris, Joseph A. Austin, Charles Rosenberg, Ronald C. Peterson, Los Angeles, Cal., for McDonnell Douglas.

Overton, Lyman & Prince by Fred S. Lack, Brenton F. Goodrich, Gregory A. Long, Ernest E. Johnson, Los Angeles, Cal., for General Dynamics.

Adams, Duque & Hazeltine by Thomas F. Call, Los Angeles, Cal., Condon & Forsyth by George N. Tompkins, Jr., Desmond T. Barry, Jr., Frank A. Silane, New York City, Latham & Watkins by Philip F. Belleville, A. Victor Antola, Thomas L. Harnsberger, Los Angeles, Cal., Milbank, Tweed, Hadley & McCloy by Edward J. Reilly, Russell E. Brooks, New York City, Shaw, Pittman, Potts & Trowbridge by Phillip D. Bostwick, Jay H. Bernstein, Washington, D. C., for Turkish Airlines, Inc.

William D. Keller, U. S. Atty. by James R. Dooley, Asst. U. S. Atty., Los Angeles, Cal., George E. Farrell, John Laughlin, Herbert L. Lyons, Sp. Attys., Tort Claims Section, Aviation Unit, Civ. Div., Dept. of Justice, Washington, D. C., Neil Eisner, Federal Aviation Administration, Washington, D. C., for the United States.

## MEMORANDUM ORDER ON PUNITIVE DAMAGES

PEIRSON M. HALL, Senior District Judge.

The cases filed for the claimants in about half of the 338 deaths arising out of the Paris air crash and pending in this court have refused to waive punitive damages. Statutory law, section 3294 of the California Civil Code; and the case law, *Pease v. Beech Aircraft Corp.,* 38 Cal.App.3d 450, 113 Cal.Rptr. 416 (1974), hearing denied by Supreme Court 6–19–74; *Doak v. Superior Court,* 257 Cal. App.2d 825, 65 Cal.Rptr. 193 (1968); *Fox v. Oakland Con. St. Ry.,* 118 Cal. 55, 50 P. 25 (1897); *Lange v. Schoettler,* 115 Cal. 388, 47 P. 139 (1896), hold that punitive damages cannot be allowed in death cases, although allowed in personal injury cases, libel cases, property damage cases, and others.

The argument of the plaintiffs is that the allowance in California of punitive damages for property damage,[1] personal injury,[2] injury to a goat,[3] destruction or damaging of a tree,[4] waste by tenant,[5] non-delivery of water,[6] conversion,[7] and others, but not for the wrongful death of a human being, is contrary to the uniform application of the laws required by California Constitution Article 4, Section 16(a), and Article 1, Section 7(b), as well as the equal protection clause commanded of the states by the last clause of Amendment XIV of the United States Constitution and by the due process clause of Amendment V of the United States Constitution.

Thus, under the law of California:

Assume a 14-year-old boy was taking his goat to the county fair to win a prize, in a brand new station wagon, driven by his father, in which his mother was also riding; assume further that at an intersection with a green light in their favor, a car driven by a man who was being followed by the police, who had given him the signal to stop, willfully, wantonly, and maliciously drove through the red light at 80 miles an hour, hit the station wagon broadside, killing the father and the mother, breaking all four legs of the goat, completely demolishing the station wagon, and cutting off two fingers of one of the boy's hands.

On those assumptions, in California, as the law now reads, *punitive damages, in addition* to compensatory damages, could be recovered for (1) injury to the goat, (2) destruction of the station wagon (Cal. C.C. § 3294), and (3) the severance of the two fingers of the boy's hand and pain and suffering (Cal.C.C. § 3294); but no punitive damages could be recovered for the death of either the mother or the father, who was the sole support of the family.

1. Cal.C.C. § 3294. Illustrative is *Schroeder v. Auto Driveaway Co.,* 11 Cal.3d 908, 114 Cal. Rptr. 622, 523 P.2d 662 (1974), where part of the property destroyed was a van and punitive damages were allowed in addition to compensatory.

2. Cal.C.C. § 3294. *Toole v. Richardson-Merrell, Inc.,* 251 Cal.App.2d 689, 60 Cal.Rptr. 398 (1967), hrg. den. by Sup.Ct., 9–7–67; Cal.Prob. Code § 573, ¶ 2.

3. Cal.C.C. § 3340: "For wrongful injuries to animals being subjects of property, committed willfully or by gross negligence, in disregard of humanity [sic], exemplary damages may be given."

4. Cal.C.C.P. § 733: "Any person who cuts down or carries off any wood or underwood, tree, or timber, or girdles or otherwise injures any tree or timber on the land of another person, or on the street or highway in front of any person's house, village, or city lot, or cultivated grounds; or on the commons or public grounds of any city or town, or on the street or highway in front thereof, without lawful authority, is liable to the owner of such land, or to such city or town, for treble the amount of damages which may be assessed therefor, in a civil action, in any court having jurisdiction."

5. Cal.C.C.P. § 732: "If a guardian, tenant for life or years, joint tenant, or tenant in common of *real property, commit waste* thereon, any person aggrieved by the waste may bring an action against him therefor, in which action there may be judgment for treble damages."

6. *Lowe v. Yolo County Consol. Water Co.,* 8 Cal.App. 167, 96 P. 379 (1908).

7. *Ferraro v. Pac. Finance Corp.,* 8 Cal.App.3d 339, 87 Cal.Rptr. 226 (1970).

This statement is a great temptation to go into the constitutional questions raised, but I believe that for reasons of comity with the California courts, where the constitutional questions are now raised in the appellate courts of California *for the first time* in *Rosendin v. Avco Corp.,* 1st App.Dist., # 32999, this Court should defer any ruling on this matter until the California court has had a chance to rule on the question which is pending before it now. And while the Federal Constitutional questions would be present if the state does not decide them, this Court should avoid decisions on constitutional questions when not necessary for a decision.

It is not necessary to rule on exemplary damages now because it is a question of law which may never become necessary to decide. The matter can be put to the jury in these cases on the trial of products liability. If their verdict is that as a *matter of fact* no punitive damages are allowed, that will be the end of it in this court. If the jury does allow punitive damages, that will be time enough to determine constitutionality on a motion for a judgment N. O. V.

In the meantime, the parties can proceed with discovery on products liability, as ordered, and discover in the process any evidence admissible, which should be neither less nor more than what caused the accident, and which includes acts which might or might not constitute "oppression, fraud or malice, express or implied."

Good cause appearing,

IT IS HEREBY ORDERED that both plaintiffs' and defendants' motions are hereby denied without prejudice to their renewal of the question at the occasion above noted.