## Elizabeth Roberts & others *vs.* Joseph R. Bassett.

A contract to convey, "by a deed conveying a clear title, that parcel of land on the corner of A. and B. Streets, and owned by the vendors," is not satisfied by the tender of a warranty deed conveying "that parcel of land on the corner of A. and B. Streets, now owned by the grantors," if there is an incumbrance on the land.

Bill in equity for the specific performance of a contract by which the defendant agreed to purchase, and the plaintiffs to convey to the defendant, his heirs and assigns forever, "by a good and sufficient deed, conveying a clear title thereto, free from all incumbrances except lease, all that parcel of land situated on the corner of Lynde and Green Streets, in Boston, and owned by th/ vendors or either of them."

At the hearing, before *Colt,* J., it appeared that the plaintiffs tendered to the defendant a warranty deed conveying "all that parcel of land situated on the corner of Lynde Street and Green Street, in Boston, now owned by the grantors or either of them," but that the defendant refused to accept it. It also appeared that the plaintiffs owned on the corner of said streets a parcel of land which was subject to the right of one Hall to place a wall upon a strip of the land six inches wide along the whole southerly line, with the right of opening in the wall, when erected, windows to be forever open and unobstructed.

The defendant contended that he was not bound to accept the deed; but the judge ordered a decree to be entered for the plaintiffs, and, at the request of the defendant, reported the case for the revision of the full court.

*J. W. Reed,* for the defendant.

*E. H. Bennett & H. J. Fuller,* for the plaintiffs.

Morton, J. By the reasonable construction of the contract between the parties, the defendant is entitled to a deed which shall convey a clear title to the land free from all incumbrances except the existing lease. He agreed to purchase the land, and not merely such estate or interest in it as the plaintiffs had. The words " and owned by the vendors or either of them " are merely words of description, intended to identify the parcel of land,

which is not fully described in the contract. The deed tendered by the plaintiffs would convey only such title as they had, which was a title subject to important incumbrances beside the lease. As the defendant's contract was for a clear title, and not for a warranty deed, he was not bound to accept the deed tendered to him. *Mead* v. *Fox*, 6 Cush. 199. *Packard* v. *Usher*, 7 Gray, 529. *Bill dismissed.*