(36 Misc. Rep. 319.)

### CLEVELAND et al. v. TOBY.

(Supreme Court, Special Term, Broome County. November, 1901.)

1. ACCORD AND SATISFACTION.

     Where a vendee gives a check to the vendors for an amount agreed upon by him and the agent of the vendors as an adjustment of a disputed claim, and the check is collected, there is a complete accord and satisfaction.

2. SAME—TENDER.

     A vendee sent to his vendors a check for the full amount of an account rendered to him, and they returned the same, without any reason stated. Thereafter he paid the amount into court, and in an action on the account pleaded tender. *Held*, that plaintiffs should be nonsuited, if no other question of fact arose.

Action by Arthur S. Cleveland and others against Christopher Toby. Judgment for plaintiffs. Motion for new trial granted.

Fish & Lyons, for plaintiffs.

Edward K. Clark, for defendant.

FORBES, J. This action was brought to recover on a contract of sale for berries sold and delivered by the plaintiffs to the defendant. An arrangement was made between the defendant and the plaintiffs' salesman for the adjustment of a disputed account of prior sales made by the plaintiffs to the defendant. The settle-

ment was subject, however, to the approval of the plaintiffs, on receipt of the defendant's check for $36, the amount of said adjustment. Defendant's letter accompanied said check, making its acceptance by the plaintiffs a condition of said adjustment. The plaintiffs received this check, indorsed it, and collected and retained the money therefrom. Subsequent sales were made by the plaintiffs to the defendant. It was conceded on the trial that the defendant owed plaintiffs the sum of $51.61 on the last account. The last amount was tendered and sought to be paid to the plaintiffs by the defendant's check. This check was rejected by the plaintiffs, and returned to the defendant, without stating any ground upon which it was returned. Wright v. Robinson, 84 Hun, 172, 32 N. Y. Supp. 463. The defendant subsequently paid the amount of said second check into court, giving notice thereof in his answer, and pleading a tender of said fund. The issue, being thus joined, was tried before a jury.

At the close of the evidence the court submitted two questions to the jury: First, whether there had been an adjustment of the plaintiffs' claim, prior to the sending, by the defendant to the plaintiffs, of the check for $36, and its acceptance by the plaintiffs; second, instructing the jury that if they found that the sum of $51.61 was the total amount due from the defendant to the plaintiffs, and that the former account, covering the $36 item, was in fact accepted as a settlement between the parties, then the jury must render a verdict in favor of the plaintiffs for the amount of said tender paid into court. An exception having been taken to the judge's charge, a motion for a new trial was made upon the minutes.

I am satisfied, as matter of law, that when the plaintiffs received the check for $36, drew the money thereon, with the full knowledge that the plaintiffs' agent and the defendant had so adjusted the claim, subject to plaintiffs' approval, that it was an accord and satisfaction of the original account, out of which the balance of $36 arose. Beil v. Supreme Council, 42 App. Div. 168, 58 N. Y. Supp. 1049; Lewinson v. Theatre Co., 60 App. Div. 572, 69 N. Y. Supp. 1050; Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695; Brake Co. v. Prosser, 157 N. Y. 289, 51 N. E. 986; Spellman v. Muehlfeld, 166 N. Y. 245, 59 N. E. 817. I am satisfied that the defendant was entitled to the direction of a verdict in his favor, upon the tender made by him and the payment of that money into court. The foregoing authorities apply, also, to this proposition.

The confusion undoubtedly arose over the two methods of procedure in tender: Where a tender is made before the commencement of the action, as in this case, and that money is subsequently paid into court, notice thereof is pleaded, and there is no question of fact for the jury. There being no dispute that the tender was made, it is the duty of the court to nonsuit the plaintiff. Upon the question of fact being submitted to the jury, it was the duty of the court to charge that, unless they found in favor of the plaintiffs for an amount in excess of the amount tendered and paid into court,

then their verdict should be in favor of the defendant; otherwise, for the plaintiffs for the full amount of the claim in dispute. Code Civ. Proc. §§ 733, 734; 1 Rum. Prac. 619; Dakin v. Dunning, 7 Hill, 30, 42 Am. Dec. 33; Becker v. Boon, 61 N. Y. 317; Wilson v. Doran, 110 N. Y. 101, 17 N. E. 688; Taylor v. Railroad Co., 119 N. Y. 561, 23 N. E. 1106. Where a tender is made after the commencement of the action, and the amount of the money is paid into court, together with a sufficient sum to cover the costs of the action up to the time of the tender, then it is the duty of the court to instruct the jury to render a verdict in favor of the plaintiffs for the amount of the tender, if no other amount is in dispute, or for the whole amount of such disputed claim, and, if the jury finds for the plaintiffs, for an amount not exceeding such tender. The defendant is entitled to the costs which accrue after such tender, and such costs are to be set off against the amount of the tender so made. If the amount of the defendant's costs exceed the amount of the tender, then a judgment must be entered in his favor for the balance of his costs above the tender. Sheriden v. Smith, 2 Hill, 538; Smith v. Slosson, 89 Hun, 568, 35 N. Y. Supp. 547; Wilson v. Doran, 110 N. Y. 101, 17 N. E. 688; Taylor v. Railroad Co., 119 N. Y. 561, 23 N. E. 1106; Id., 18 Civ. Proc. R. 96, 7 N. Y. Supp. 625, reversing Wilson v. Doran, 39 Hun, 80. If the defendant had asked for the direction of a verdict in his favor upon each of these propositions, it would have been the duty of the court to direct a verdict in accordance with such request.

The motion for a new trial upon the minutes must therefore be granted, with costs to the defendant to abide the event, unless the plaintiffs or their attorneys shall stipulate to set off the amount of the verdict in their favor rendered by the jury against the defendant's costs, after being taxed by the clerk, and in that case a judgment may be entered in favor of the defendant for the amount of his costs, if any, in excess of such verdict. Ordered accordingly.