HIRSH et al. v. OGDEN FURNITURE & CARPET CO.

No. 2916.   Decided September 28, 1916.   (160 Pac. 283.)

1. SALES—ACTION FOR PRICE—FINDINGS—JUDGMENT. In an action upon an account for the price of goods, findings that on a date named the defendant was indebted to plaintiffs on an open account in a certain sum with legal interest, entitled plaintiff to judgment for both interest and costs.   (Page 437.)

2. APPEAL AND ERROR—FINDINGS—POWER OF SUPREME COURT. In a law case, the Supreme Court is powerless to make findings.   (Page 438.)

3. APPEAL AND ERROR—REVIEW—ADMISSIBILITY OF EVIDENCE. In a law case, the Supreme Court, where evidence was excluded, has no power to pass upon its sufficiency but can do no more than to determine whether there was error in its exclusion.   (Page 438.)

4. TENDER—ACTION FOR PRICE OF GOODS—ADMISSIBILITY OF EVIDENCE—TENDER OF PAYMENT. In an action on an account for goods sold, evidence that defendant had mailed a check to plaintiff's address for the amount, that the check was returned to it, that plaintiff's attorney presented a draft upon it and was informed that the account had been paid, that defendant was always able and willing to pay the account, that plaintiffs had requested defendant to honor a draft for such amount, and that plaintiff had never demanded more than the amount of the check, and a telegram to plaintiff from its counsel after he had been informed by defendant that the account had been paid, and the check itself, were admissible, and their exclusion was reversible error.   (Page 438.)

5. TENDER—OBJECTION—WAIVER. Under Comp. Laws 1907, section 3487, providing that one to whom a tender is made must then specify any objection to the money or instrument or must be deemed to have waived it, the plaintiff who received defendant's check by mail in payment of an account for goods

sold, and whose attorney before the check was received demanded payment and was told that the check for the amount had been mailed, and who returned the check without objection and without advising defendant of any objection to the tender before bringing an action, thereby waived any objections to the tender. (Page 439.)

6. PAYMENT—TENDER—SUFFICIENCY—CHECK. Such tender by check on a bank in which there was always a sufficient fund to meet it, in the absence of timely objection, was good. (Page 439.)

7. TENDER—PARTIES TO WHOM MADE—ATTORNEY. A tender to an attorney who has authority to collect an account is the same as though made to the creditor himself. (Page 439.)

8. INTEREST—TENDER—EFFECT—INTEREST. A tender of the amount due on an account for goods sold, made by check without objection thereto, was sufficient to prevent the creditor from recovering interest. (Page 439.)

9. TENDER—REQUISITES—KEEPING GOOD. Where a tender is made, which, if accepted, is intended to operate as a payment of the debt, and is rejected, it must nevertheless be kept good by bringing or depositing the money into court, since in case the tender is by check the creditor is not obliged to take the risk of bank failures, etc. (Page 441.)

10. TENDER—PAYMENT INTO COURT—WAIVER. Where defendant tendered its check in payment of an account for goods sold, and showed that the money to meet the check was in the bank when it was tendered, and had constantly remained there subject to check, and was there at the time of the trial, so that it could probably be produced in court, plaintiff's failure to object, and its conduct in permitting defendant to assume that the production of the money into court was waived, the objection that the tender was not kept good, was waived. (Page 441.)

11. TENDER—EFFECT—INTEREST—STATUTE. Under Comp. Laws 1907, section 3347, providing that when the defendant in an action for the recovery of money alleges that before the commencement thereof he tendered the full amount and deposits in court the amount so tendered, the plaintiff cannot recover costs; the tender of the amount due on an account for goods sold, not including interest, was sufficient, where no demand for interest was then made, as under such circumstances interest was waived. (Page 443.)

Appeal from District Court, Second District; *Hon. N. J. Harris*, Judge.

436        SUPREME COURT OF UTAH.        [Sept.

Hirsh et al. v. Ogden Furn. & Carp. Co., 48 Utah 434.

Action by Ralph Hirsh and Solomon Dryfoos, co-partners doing business under the firm name and style of Hirsh & Dryfoos, against the Ogden Furniture & Carpet Company.

Judgment for plaintiffs. Defendant appeals.

REVERSED.

*R. S. Farnsworth,* for appellant.

*C. R. Hollingsworth,* for respondents.

FRICK, J.

On September 3, 1915, the plaintiffs, Ralph Hirsh and Solomon Dryfoos, copartners doing business in Philadelphia, Pa., commenced an action in the District Court of Weber County by serving summons on the defendant, a corporation doing business at Ogden, Utah, to recover upon an account for goods sold and delivered by the plaintiffs to the defendant "between July 1, 1914, and June 21, 1915," amounting to $326.40, for which sum, with legal interest from June 21, 1915, plaintiffs demand judgment. The defendant appeared in the action and answered as follows:

"Admits the allegations of paragraphs numbered 1 and 2, and that portion of paragraph 3, alleging the sale and delivery of said goods, but denies that said sum of $326.40 has not been paid, but alleges that before the commencement of this action it tendered to the plaintiffs the full amount to which they were entitled and all that the plaintiffs asked at said time, and the said defendant now deposits in court the amount so tendered. That said tender was made in writing in check in the words and figures following, to wit: 'Ogden Furniture & Carpet Company. No. 593. Ogden, Utah, 8—26, 1915. Pay to the order of Hirsh & Dryfoos, $326.40, three hundred twenty-six dollars, forty cents. To First National Bank, Ogden, Utah. Ogden Furniture & Carpet Co., B. F. Hundley, Manager.' That at said time there was and ever since has been and now is sufficient funds in said bank to pay said check."

Upon the issues a trial to the court, without a jury, resulted in the following findings of fact:

"That at Ogden City, Utah, between July 1, 1914, and June 21, 1915, the plaintiffs, at the special instance and request of the defendant, sold and delivered to the defendant which were then and there received and accepted by the defendant from the plaintiffs certain goods, wares and merchandise of the fair and reasonable value of $326.40, which said amount last aforesaid became due and payable on June 21, 1915, that no part of said sum has been paid and the whole thereof is now due and owing from the defendant to the plaintiffs. That the defendant at Ogden City, Utah, at 11 o'clock p. m., on August 31, 1915, deposited in the United States mail addressed to the plaintiffs at Philadelphia in the state of Pennsylvania, the defendant's check No. 593, drawn on the First National Bank of Ogden, Utah, dated Ogden, Utah, August 26, 1915, payable to the plaintiffs for the sum of $326.40. That said check aforesaid was delivered in due course of mail to the plaintiffs at Philadelphia in the state of Pennsylvania on September 7, 1915. That plaintiffs thereupon returned said check to the defendant at Ogden, Utah, on September 8, 1915. That said check aforesaid is the same check pleaded in defendant's answer and with said answer deposited with the clerk of this court and offered in evidence upon the trial hereof. That on August 26, 1915, and ever since said date the defendant had sufficient funds in said First National Bank of Ogden wherewith to pay said check. That this action was commenced by the service of summons herein upon the defendant at Ogden City, Utah, on September 3, 1915."

. Judgment was entered accordingly in favor of plaintiffs for $340.50, which included legal interest from June 21, 1915, to the date of judgment, January 7, 1916, and for $16.90 costs. The defendant appeals.

Numerous errors are assigned. Most of those that are relied on, however, relate to the exclusion of evidence which was proffered by the defendant at the trial. Defendant's counsel, however, also insists that the court erred in rendering judgment for plaintiffs for interest and costs, and further contends that upon the undisputed evi-

dence and findings the defendant was entitled to judgment for costs. The contention is based upon the court's findings respecting the tender pleaded by the defendant. In our judgment the findings are, however, not sufficient to sustain the contention. From the findings as they now stand it appears that the defendant, on the 21st day of June, 1915, was indebted on open account to the plaintiffs in the sum of $326.40, and legal interest from that date. In the absence of any finding other than those contained in the record the plaintiffs were entitled to judgment for both interest and costs. It, no doubt, is true that if the proffered evidence hereinafter referred to had been admitted and it had not been disputed the court should have found in accordance therewith, and if it had done so, then, under the law, as hereinafter indicated, counsel's contentions should prevail. As the findings now stand, however, and in view that the court excluded all of defendant's proffered evidence, counsel's contention must fail.

This is a law case and we are powerless either to make findings or, in view that the evidence was excluded, to pass upon its sufficiency. We can do no more than to determine whether the court erred or not in excluding the evidence.

**2, 3**

All that the defendant was permitted to prove at the trial was that on August 31st a check had been mailed by the defendant's manager to plaintiffs' address at Philadelphia for the sum of $326.40, and that the check was returned to the defendant by plaintiffs on September 16 or 17, 1915; that plaintiffs' attorney came to the defendant's place of business on September 2, 1915, and presented a draft to defendant's manager and demanded the money due plaintiff on the account sued on, and that the manager then informed the attorney that the account "has been paid." When defendant's counsel undertook to prove, however, the conversation between plaintiffs' attorney and defendant's manager concerning the check, and the payment of the account, the court, upon plaintiffs' objection, excluded all the evidence. The court also excluded the check and likewise excluded defendant's proffered evidence that he always was able, ready and willing to pay the account, and also excluded a letter

**4**

written by plaintiffs to the defendant in August, 1915, wherein defendant was informed that the plaintiffs had drawn upon it for the sum of $326.40, ''to pay your account with us as per statement inclosed.· Please honor the draft on presentation and oblige,'' which letter was signed by Hirsh & Dryfoos. The court also excluded a telegram sent by plaintiffs' attorney to his clients after he was informed by defendant's manager that the account had been paid. The court also excluded defendant's proffered evidence that the plaintiffs at no time had demanded more from the defendant than the $326.40, the face of the account, until this action was commenced. In fact, the court excluded every fact defendant's counsel offered to prove concerning the making and sending of the check and the conduct of plaintiffs and their attorney with respect thereto, and further excluded all evidence tending to show waiver on the part of the plaintiffs so far as the tender is concerned. We think that under the law all the evidence offered by defendant's counsel was proper, and its exclusion constitutes reversible error.

Comp. Laws 1907, Section 3487, reads as follows:

That "the person to whom the tender is made must at the time specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and, if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterward."

Under a similar statute the Supreme Court of California has repeatedly held that where a tender is made by check the person to whom it is tendered must **5, 6, 7, 8** specify his objections or he will be deemed to have· waived all objections except such as he insists upon when the tender is made. *Lowe* v. *Yolo, etc., County,* 8 Cal. App. 167, 96 Pac. 379, and cases there cited; *Wright* v. *John A. Robinson Co.,* 84 Hun 172, 32 N. Y. Supp. 463; *Nidever* v. *Hall,* 67 Cal. 79, 7·Pac. 136; *Cleveland* v. *Toby,* 36 Misc. Rep. 319, 73 N. Y. Supp. 544. In *Wright* v. *John A. Robinson Co., supra,* the question of tender by check by mailing the same, as in this case, was involved, and it was there held that in the ab-

sence of special objections such a tender is good. In the case of *Cleveland* v. *Toby, supra,* tender was made by mailing a check as here, and in view that it was kept good it was held sufficient.

Under the findings as made by the court, supplemented by the evidence offered by the defendant, the situation of the parties to this action in effect is this: In August, 1915, the defendant was indebted to plaintiffs on account for goods sold and delivered by them in the sum of $326.40; that some time during that month plaintiffs wrote the defendant that they would draw upon it for said amount and expressed the hope that defendant would honor the draft; that on August 26th defendant's manager made a check for the amount aforesaid in favor of plaintiffs drawn upon a bank at Ogden, Utah, in which the defendant had sufficient funds to pay the check when presented, and on the 31st day of August inclosed and mailed the check in a letter addressed to plaintiffs at their place of business in Philadelphia. The check was made and mailed pursuant to the plaintiffs' letter informing defendant that they had drawn on it for the amount due from it upon the account. On September 2d, and before the letter and check had reached plaintiffs, their attorney, who was authorized to collect the account, went to the defendant's place of business and presented the draft referred to by the plaintiffs and demanded payment thereof. The attorney was then informed that the defendant's manager had paid the account by having mailed to plaintiffs a check covering the amount of the draft. No further demand was made on the defendant, nor was any claim made for interest, and nothing was said regarding the sufficiency or insufficiency of the check. Indeed, no objection of any kind was ever interposed. Now, let us assume that when the attorney for plaintiffs called on the defendant's manager on September 2d and demanded payment of the draft which was drawn for $326.40, the precise amount of the account, the manager had tendered the attorney a check drawn on a local bank in which were ample funds to pay it for the amount of the draft and the attorney had made no objections to the check whatever, but had thereafter commenced an action upon the account, would not defendant's plea of tender

have been good? Surely if a tender by check is ever good the tender just referred to would have been. But counsel for plaintiffs insists that they had the right to refuse, the tender when the check reached them at Philadelphia, which was not until after the action was commenced. Let that be granted, and the question still remains: What are the defendant's rights under the proffered evidence? We have seen that a tender by check is good if no objection is made thereto. Now, in this case, the fact that plaintiffs' attorney presented the draft for payment at which time he was informed that a check had been mailed to plaintiffs, that in effect amounted to a tender of the check to him. A tender to an attorney who has the authority to collect is the same as though made to the creditor himself. 38 Cyc. 156, 157. At all events, in case plaintiffs or the attorney desired to avoid the tender by check they should have advised the defendant of that fact and should have given it an opportunity to meet the objection before bringing an action. The plaintiffs, however, never offered any objection to the check. Neither did their counsel. But they returned it without objection. Such were, in substance, the facts in *Cleveland* v. *Toby, supra,* and the tender was held sufficient. We are of the opinion, therefore, that under the facts which the defendant offered to prove, if not disputed, the tender in question was sufficient to prevent the plaintiffs from recovering either interest or costs.

Counsel for plaintiffs, however, contends that even though the foregoing conclusion be sound, yet it has no application here, since the defendant did not keep the tender **9, 10** good by bringing the money into court. Counsel cites and relies upon Comp. Laws 1907, Section 3347, which reads:

"When, in an action for the recovery of money only, the defendant alleges in his answer that before the commencement of the action he tendered to the plaintiff the full amount to which he was entitled, and thereupon deposits in court, for the plaintiff, the amount so tendered, and the allegation be found to be true, the plaintiff cannot recover costs, but must pay the costs to the defendant."

The general rule no doubt is, that where a tender is made in a law case which, if accepted, is intended to operate as pay-

ment of the debt, the tender, if rejected, must, nevertheless, be kept good. Ordinarily that is done by bringing or depositing the money into court. The rule is based upon the reason that in case the tender is by check the check is not payment unless expressly accepted as such. Moreover the creditor is not obliged to take the risk of bank failures or matters of that kind. *Larsen* v. *Breene,* 12 Colo. 480, 21 Pac. 498; Hunt on Tender, Section 356. Indeed it should be conceded that such is the law. A plaintiff may, however, waive his right of having the money paid into or produced in court, and ordinarily, in case he fails to challenge the trial court's attention to the fact that the money is not produced in court, he waives his right in that regard. That is especially true where, as in this case, the defendant shows that the money was in the bank when the check was tendered and has constantly remained there to be paid on presentation of the check, and that it is in the bank at the time of trial. Under such circumstances the money would, in all probability, be produced in court just as soon as plaintiff insisted upon his right to have it there. The case at bar was tried at Ogden, where the bank in which the money was deposited by the defendant is located, and no doubt if plaintiffs' counsel had indicated that he insisted upon his right to have the money produced in court the defendant instantly would have produced it, and if it had not done so then counsel was entitled to a ruling from the court that the tender was not kept good, and was therefore insufficient for any purpose. Plaintiffs' counsel, however, made no objections of any kind and permitted defendant's counsel to assume that the production of the money in court was waived. Indeed, plaintiff's counsel made the objection for the first time in this court. We make the foregoing statement upon the record which does not disclose any objection by plaintiffs' counsel, and none appears except in his printed brief which is filed in this court. Under such circumstances the authorities are numerous that the objection that the tender was not kept good is waived and cannot prevail in the Appellate Court. Hunt on Tender, Section 488; *Connell* v. *Mulligan,* 13 Smedes & M. (Miss.) 388; *Hull* v. *Peters,* 7 Barb. (N. Y.) 331; *Storer*

v. *McGaw,* 11 Allen (Mass.) 527; *Steckel* v. *Standley,* 107 Iowa 699, 700, 77 N. W. 489; 21 Ency. Pl. & Pr. 580.

It is also contended that the tender in this case was insufficient because it did not include interest. Defendant's counsel offered to prove that the full face of the account, as well as all that was demanded by the draft, was tendered. that no demand for interest had ever been made, **11** and that defendant's manager had no knowledge that interest was demanded until the action was commenced. The authorities last above cited, as well as others, go to the extent of holding that under such circumstances interest, for the purpose, at least, of a tender, is waived, and that a plaintiff cannot have a tender of the amount demanded by him, avoid the effect of the tender by claiming interest in an action commenced subsequent thereto. This is but justice as well as common sense. Indeed, our statute (Section 3487) provides that unless the person to whom the tender is made objects to the amount of the tender and specifies the amount he is "precluded from objecting afterward." By this we do not mean to be understood as holding that a tender of a nominal sum in payment of a debt of a larger amount would be good, and especially not where the person making the tender knew what the amount due was. That such is not the intention of the statute is clearly pointed out by Mr. Chief Justice Beatty in the case of *Colton* v. *Oakland Bank,* 137 Cal. 376, 70 Pac. 225. That the statute, however, applies with full force in a case like the one at bar is as clearly held in the cases we have hereinbefore cited.

We need only add in conclusion that the evidence offered by defendant's counsel was all proper to show the real transaction between the parties, and was proper upon the question of waiver. The court, therefore, erred in excluding it.

It follows that the judgment should be, and it accordingly is, reversed, at respondent's costs.

STRAUP, C. J., and McCARTY, J., concur.