VAHAN CHATALIAN & another *vs.* ALESSANDRA DI FUSCO.

Essex.    March 12, 1923. — April 13, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Contract*, Construction, Rescission.

At the trial of an action at law to recover a deposit paid by the plaintiff to the owner of certain real estate at the time of signing, on an April 23, an agreement for the sale of the property which provided "that the deed shall pass within sixty days from this date and that all rents, the taxes of the year 1920 and insurance shall be apportioned at the date of the delivery of the deed," there was evidence warranting a finding that during the sixty days the plaintiff was willing and financially able to perform his part of the agreement and endeavored on several occasions to obtain the conveyance and that before the time for delivery had expired the defendant failed to deliver or tender a deed, which failure constituted a refusal of performance, which was not waived. *Held*, that

(1) The time of performance was of the essence of the contract;

(2) The plaintiff had a right to rescind and to recover his payment as money had and received to his use.

CONTRACT OR TORT with a declaration as amended for $300 with interest alleged to have been received by the defendant to the plaintiffs' use, and being a deposit on account of the purchase price paid by the plaintiffs to the defendant at the time of signing an agreement for the sale of real estate. Writ dated August 13, 1920.

On appeal to the Superior Court the action was tried before *Cox*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in her favor. The judge denied the motion. The jury returned a verdict for the plaintiffs in the sum of $331.50; and the defendant alleged exceptions.

*A. G. Rocco*, for the defendant.

*R. A. A. Comparone*, for the plaintiffs.

BRALEY, J. The agreement of sale, executed April 23, 1920, provides "that the deed shall pass within sixty days from this date and that all rents, the taxes of the year 1920 and insurance shall be apportioned at the date of the delivery of the deed." The termination of the time within which the conveyance must be made or tendered was therefore fixed as June 23, 1920. The present action is at law and the time of performance is of the essence of the contract. *Lowe* v. *Harwood*, 139 Mass. 133. *Mansfield* v. *Wiles*, 221 Mass. 75, 81. The plaintiffs made the initial payment of $300 called for by the agreement, and the jury would have been warranted in finding that during the sixty days they were willing and financially able to perform their part of the contract, and endeavored on several occasions to obtain the conveyance. But the defendant before the time had expired failed to deliver or tender a deed, which failure under the circumstances shown by the record could be found to be a refusal of performance which has not been waived. *Gormley* v. *Kyle*, 137 Mass. 189. The plaintiffs accordingly had a right to rescind, and can recover back their payment as money had and received to their use. *Burk* v. *Schreiber*, 183 Mass. 35. *Lowe* v. *Harwood*, 139 Mass. 133. The motion for a directed verdict was denied rightly and the exceptions must be overruled.

*So ordered.*