HYMAN MINSKY & others *vs.* MAX A. ZIEVE.

.Suffolk. March 2, 1926. — May 25, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* Performance and breach.

An agreement in writing provided for the conveyance of certain real estate "on or before" a certain date "by a good and sufficient warranty deed . . . conveying a good and clear title to the same, free from all encumbrances except a first mortgage" and "present leases," the grantee to pay a certain sum therefor on the delivery of the deed, partly in cash and partly by a note secured by a mortgage on the premises. The day before that set for conveyance, the grantee's attorney was informed by the grantor's attorney that an attachment then on the premises would be removed. At the time and place set for the conveyance, the attachment had not been removed and the grantor refused to remove it; no suggestion was made of an extension of time for the

passing of papers; the grantor did not state to the grantee that a sum might be retained from the purchase price to be held to indemnify the grantee from loss on account of the attachment; the grantor did not tender a deed to the grantee; the grantee had as part of the cash payment called for by the agreement a certified check and the grantor raised no objection to payment in that form. In an action at law by the grantee against the grantor for damages resulting from the breach of the agreement, it was *held*, that

(1) The refusal by the defendant to perform excused the plaintiff from tendering the mortgage as stipulated in the contract;

(2) The attachment constituted an encumbrance on account of which the plaintiff was not required to accept a conveyance;

(3) In the circumstances, the defendant could not escape liability on the ground that the plaintiff had a certified check instead of cash for part of the cash payment called for by the contract;

(4) It was proper to refuse to order a verdict for the defendant.

CONTRACT for breach of an agreement in writing by the defendant to convey certain real estate in Chelsea to the plaintiff. Writ dated May 2, 1923.

In the Superior Court, the action was tried before *Flynn*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be entered in his favor. The motion was denied. There was a verdict for the plaintiff in the sum of $1,675. The defendant alleged exceptions.

*J. J. Cummings,* for the defendant.

*R. W. Frost,* for the plaintiffs.

CROSBY, J. This is an action of contract to recover damages alleged to have been sustained by the plaintiffs by reason of the refusal of the defendant to convey to them, in accordance with the terms of a written agreement, certain premises in Chelsea.

The agreement was entered into on April 16, 1923, and provides that the premises are to be conveyed by the defendant to the plaintiffs "on or before May 1, 1923, by a good and sufficient warranty deed of the party of the first part, conveying a good and clear title to the same free from all incumbrances except a first mortgage of $24,000 held by the Chelsea Real Estate Associates, Royal S. Wentworth, Treas. Said premises are conveyed subject to present leases only, and for such deed and conveyance the party of the second part is to pay the sum of sixteen thousand dollars of

which one thousand dollars have been paid this day, fifty-five hundred dollars are to be paid in cash upon the delivery of said deed, and the remainder is to be paid by the note of the party of the second part, dated as of day of passing papers bearing interest at seven per cent per annum, payable quarter annually, and secured by a power of sale mortgage in the usual form upon the premises, such note to be payable as follows: — one hundred dollars every three months, the whole to be paid in or within three years from date of note . . . . The deed is to be delivered and the consideration paid, if the purchaser requires it, at the Registry of Deeds."

On May 1, 1923, when the parties met at the registry of deeds to complete the sale, there was an attachment of $2,000 upon the premises, made in a suit against the defendant; this was known to the defendant's attorney and, on April 30, 1923, he had agreed with the plaintiffs' attorney to have it dissolved. There was evidence tending to show that when the parties met at the registry of deeds on May 1, the plaintiffs were ready and willing to take title to the property; that they tendered to the defendant the amount then to be paid by them, and insisted on a good and clear title; that the defendant refused to remove the attachment; that no suggestion or agreement was made for an extension of time for the passing of papers; that neither the defendant nor his attorney stated to the plaintiffs or to their attorney that $2,000 could be retained out of the money to be paid, to be held to indemnify the plaintiffs from loss on account of the attachment; and that the defendant did not tender the plaintiffs a deed of the premises. The right of the defendant to demand the mortgage would arise simultaneously with the tender of the deed. Such acts are concurrent, and the refusal to perform by the defendant excused the plaintiffs, if they were not in default, from tendering a mortgage as stipulated in the contract. At the close of the evidence the defendant moved that a verdict be directed in his favor; this request was denied, subject to his exception. The jury returned a verdict for the plaintiffs.

It is conceded by the defendant that, as this is an action at law, time is of the essence of the contract. *Preferred*

*Underwriters, Inc.* v. *New York, New Haven & Hartford Railroad,* 243 Mass. 457, 463, 464.   *Chatalian* v. *Di Fusco,* 244 Mass. 513.   The attachment on the property constituted an encumbrance on account of which the plaintiffs were not required to accept a conveyance.   *Adams* v. *North American Ins. Co.* 210 Mass. 550, 552.

Upon the evidence it could have been found that the plaintiffs were ready and willing at the stipulated time and place to pay the amount then required to be paid, to give the mortgage, and to accept a warranty deed of the property conveying a good and clear title to the same free from all encumbrances, except the first mortgage thereon of $24,000, and subject to present leases.   No objection was made by the defendant on the day when the parties met to complete the sale that a part of the amount to be paid was by a certified check.   In these circumstances he cannot now object that the amount tendered was not all in cash.   The defendant, however, relies upon the decision in the early case of *Borden* v. *Borden,* 5 Mass. 67, an action upon a promissory note for $9,000 given by the defendant to the plaintiff, the consideration for which was the plaintiff's agreement to procure "a good warrantee deed of his homestead estate, agreeable to bond, for which the above sum is to be paid."   In that case it was held that, although a part of the land to be conveyed was subject to attachments, the vendee was required to accept a conveyance of the property, and that it was a good and lawful deed if the vendor offered to permit the vendee to retain a sufficient amount of the purchase money to indemnify him against such attachments.   In answer to this contention of the defendant, it is enough to say that it could have been found he made no such offer to the plaintiffs; besides, his contract was not only to convey the premises by "a good and sufficient warranty deed," but also that the deed should convey "a good and clear title," subject to certain named encumbrances.   The plaintiffs were entitled under a proper construction of the agreement to a good, clear and marketable title, and not merely to a warranty deed, as was held in *Borden* v. *Borden, supra.*   See also *Aiken* v. *Sanford,* 5 Mass. 494.   *Tinney* v. *Ashley,* 15 Pick. 546.

As the defendant's agreement was not merely to give a warranty deed, but also to give a good and clear title subject to certain specified encumbrances, a deed subject to the attachment would not convey such a title.  The case is governed by *Mead* v. *Fox,* 6 Cush. 199, 202, *Packard* v. *Usher,* 7 Gray, 529, 531, *Roberts* v. *Bassett,* 105 Mass. 409, *Linton* v. *Allen,* 147 Mass. 231, 237, *Adams* v. *North American Ins. Co. supra, Cashman* v. *Bean,* 226 Mass. 198, 203, and *Richardson* v. *Lane,* 226 Mass. 224, 229, 230.

The motion for a directed verdict was rightly denied, and the entry must be

*Exceptions overruled.*