FRANCIS O. DUTTON vs. ANNA M. BENNETT.

Middlesex.   December 2, 1927. — January 4, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

Contract, Performance and breach.  Bills and Notes, Check as payment.
    Time.  Waiver.  Payment.

In order to make receipt of a check by the payee effectual as payment of
    an obligation owed him by the maker, it must appear either expressly
    or impliedly that it was accepted as payment: the mere sending and
    receipt of it are not enough to warrant such an inference.
In an action for breach of an agreement to sell standing wood and timber,
    the plaintiff testified that on August 9 he told the defendant he would
    pay him $2,500 therefor in five instalments, $100 of which was to be
    paid immediately, and $400 in sixty days from August 9; that he wrote
    a check for $100 and "laid it on the table"; that he wrote a form of
    receipt for the defendant to sign but the defendant declined to sign it;
    that on October 9 he sent by mail to the defendant his personal check
    for $400; that on October 12 he received a letter from the defendant
    postmarked October 10 in which both checks were returned to him and
    in which the defendant declined to make the sale.  October 8 was a
    Lord's day.  The defendant testified that the check for $400 was re-
    ceived on October 10.  A verdict was ordered for the defendant.  Held,
    that
        (1) The evidence did not warrant a finding that the defendant ac-
    cepted the first check as payment;
        (2) The action being at law, time was of the essence of the contract;
        (3) There was no evidence that the check for $400 was offered in
    payment within sixty days from August 9;
        (4) A failure by the defendant to state grounds for the return of the
    checks did not bar him from relying on the defence that there had been
    no valid payments by the plaintiff;
        (5) The verdict for the defendant properly was ordered.

CONTRACT.  Writ dated October 22, 1923.

In the Superior Court, the action was tried before Ham-
mond, J.  Material evidence and rulings by the judge are
stated in the opinion.  By his order, a verdict was entered
for the defendant.  The plaintiff alleged exceptions.

F. M. Qua, for the plaintiff.

E. M. Bennett, for the defendant.

RUGG, C.J.  This is an action of contract to recover
damages for breach of an alleged agreement for the sale of

standing wood and timber by the defendant to the plaintiff. The substance of the testimony of the plaintiff was that on August 9, 1922, he told the defendant that he would pay her $2,500 for the standing wood and timber on a designated lot belonging to the defendant in five instalments, $100 immediately, $400 in sixty days from August 9, 1922, and the rest at later named dates, the wood and timber to be cut and removed at specified times; that he wrote a check for $100 and "laid it on the table"; that he wrote a form of receipt for her to sign but she declined to sign it; that on October 9, 1922, he sent by mail to the defendant his personal check for $400; that about October 12, 1922, he received a letter from the defendant postmarked October 10, 1922, in which both checks were returned to him and in which she declined to make the sale. The defendant testified that the check for $400 was received by her on October 10. On motion, verdict was directed in favor of the defendant on the grounds that (1) the personal check of the plaintiff was not accepted by the defendant in lieu of cash, and (2) payment of the $400 was not made within sixty days from August 9, 1922. These are the questions argued.

The plaintiff contends in substance that the receipt by the defendant of the check for $400 operated as payment. "In order to have that effect it must appear either expressly or impliedly that the check was accepted in payment. . . . The mere sending of the check and the receipt of it by the" defendant "could not render it effectual as a payment. *Taylor* v. *Wilson*, 11 Met. 44." *Illustrated Card & Novelty Co.* v. *Dolan*, 208 Mass. 53, 54. *Ansin* v. *Mutual Life Ins. Co. of New York*, 241 Mass. 107, 111, and cases there collected. The immediate return of the check by the defendant shows that it was not accepted in payment.

The sixtieth day from August 9, 1922, on which the $400 was to be paid, fell on October 8, which was a Sunday. Therefore, under G. L. c. 4, § 9, the payment might be made on October 9. This is an action at law. Hence the plaintiff suing for breach of the contract by the defendant must prove that he paid the $400 on the date specified by the contract. Time of performance is of the essence of a contract

in an action at law. *Preferred Underwriters, Inc.* v. *New York, New Haven & Hartford Railroad,* 243 Mass. 457, 463, 464. *Freeman* v. *Robinson,* 238 Mass. 449, 451. *Moskow* v. *Burke,* 255 Mass. 563, 566. *Minsky* v. *Zieve,* 255 Mass. 542, 544. *Mansfield* v. *Wiles,* 221 Mass. 75, 81. *Chatalian* v. *Di Fusco,* 244 Mass. 513, 514. The rule in equity is different. The plaintiff failed in the performance of the contract according to its terms as testified by him and cannot recover in that he failed to offer payment until October 10. The cases relied on by the plaintiff are plainly distinguishable and need not be reviewed.

The omission of the defendant to state grounds for the return of the check by her to the plaintiff, and the statements in her letter, do not bar her from relying upon these defences. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 150, and cases there collected.

*Exceptions overruled.*