273 P.2d 974

Arnold SIEVERTS, John Sieverts, Albert Sieverts, James Sieverts and Abraham Sieverts, Jr., a co-partnership doing business as Inland Development Company, Plaintiffs and Appellants,

v.

Donald M. WHITE and Lavine H. White, Husband and Wife, Defendants and Respondents.

No. 7889.

Supreme Court of Utah.

Sept. 2, 1954.

---

McKay, Burton, McMillan & Richards, Salt Lake City, for appellant.

Fred L. Finlinson, Arthur A. Allen, Jr., Salt Lake City, for respondent.

DUNFORD, District Judge.

Plaintiffs, a co-partnership, on June 7, 1950, entered into a Uniform Real Estate Contract with defendants to purchase real estate for which plaintiffs agreed to pay $18,000 as total purchase price, payable $7,000 down and enough additional to make the payment up to $15,000 by December 15, 1950, and $3,000 as balance on June 7, 1951. Plaintiffs paid the $7,000 down payment but failed to make the additional payment on December 15th. Instead, they paid $2,000 on January 7, 1951, $1,000 on February 7, 1951, $1,000 on or about March 7, 1951, $1,000 on or about April 7, 1951, and $1,000 on or about May 7th, 1951, totaling $13,000.00 paid. No payment was made after May 7, 1951. On July 19, 1951, defendants, by letter, notified the plaintiffs of their delinquency and that:

"Unless we receive all payments and the interest now due under the contract within 20 days from the date of this letter we will cancel the contract."

Plaintiffs did not at the time of trial, nor have they since, complained that the period of twenty days fixed by the letter was, or is, unreasonable. In fact, on August 7, 1951, one day prior to expiration of the 20 days prescribed in the notice, the parties were in communication with each other by telephone, and in the evening of that date, plaintiffs mailed by registered mail to the defendants with return receipt requested, the following letter:

"August 7, 1951

"Mr. and Mrs. Donald M. White

"2833 Milcreek Road

"Salt Lake City, Utah

"Dear Mr. and Mrs. White:

"We hereby wish to inform you that we have in our possession to be paid to you a check in the amount of $5,265.03, which is for payment in full for property at Salt Lake City, purchased by Inland Development Company. We have been instructed to surrender check to you upon your delivering a Warranty Deed for said property to Inland Development Company.

"If you will please come into our office, you can sign the Warranty Deed here.

"Very truly yours,
"INLAND REALTORS, INC.
           "By ————."

No check was transmitted with this letter.

Defendant Donald M. White met the mail carrier, but refused to accept the letter. Because she was ill, he said nothing about it to defendant Lavine H. White who separately owned the subject land. This action whereby plaintiffs sought specific performance and damages was filed on August 16, 1951. Defendants' answer and counterclaim were filed after several amendments of the Complaint and divers other special pleadings, on December 31, 1951. Defendants sought cancellation of the purchase agreement, forfeiture of all sums paid in, a judgment for restitution with treble damages and attorney's fees.

The trial court found the issues in favor of the defendants upon the purchase contract and ordered it cancelled. It ordered further that the property be surrendered to defendants upon condition that within twenty days from April 18, 1952, the defendants pay to the plaintiffs in satisfaction of a lien impressed upon the real property by the court, the sum of $13,000, and the sale of the property and payment of that amount to the plaintiffs from the proceeds, in the event that the payment was not made by the defendants, and the quieting of defendants' title if payment were so made.

The $13,000 has been properly tendered into, and is being held by, the court, awaiting the outcome of this appeal.

The crucial point raised by the appeal is the question of tender. Upon that question the Court found, and the finding is amply supported by the evidence, that on or about August 7, 1951, plaintiffs orally offered to pay the remaining balance due under the contract by check of the Inland Development Company; and mailed a registered letter to the defendants advising them that they were "ready to present" such check in the amount of the balance of principal and interest, and requested a deed from defendants to the property. That on August 7, 1951, the Inland Development Company had in its account to meet the suggested check of $5,265.03, (the balance due under the contract) only the sum of $91.99.

The trial court concluded that the offer of the check was not a tender and that being the only suggestion of performance by the plaintiffs within their twenty-day time limit, they had violated the terms of their

contract entitling the defendants to cancellation of the contract under their counterclaim.

The plaintiffs contend that there was an actual tender by check of the amount due within the time fixed by the defendants, and the defendants having made no objection to the form of the tender, the court erred in holding that they had defaulted in their contract and were thus not entitled to have the defendants specifically perform.

It is true that a check for the amount due, presented within time, and when no exception is taken to the form of the tender, is a valid and legal tender of the amount due, but only when there are adequate funds in the account of the drawer *to pay such check upon presentation in due course.*

. Hirsh v. Ogden Furniture & Carpet Co., 48 Utah 434, 160 P. 283, is cited by plaintiffs as authority for the rule that a check is good tender when not objected to, and is so even though transmitted by mail. Even a casual reading of that case, however, suggests that such is the law only when the check is *good for payment upon presentation in due course.* The court there favorably cited Wright v. John A. Robinson Co., 84 Hun 172; 2 N.Y.S. 463 where a check was tendered by mail, and Cleveland v. Toby, 36 Misc. 319, 73 N.Y.S. 544 where such mailing was held sufficient *"in view that it was kept good,"* and the court pointed out in applying the rule to the case before it: Page 440 of 48 Utah, Page 286 of 160 P.

"That on August 26th defendants' manager made a check for the amount aforesaid in favor of plaintiffs drawn upon a bank at Ogden, Utah, *in which the defendant had sufficient funds to pay the check when presented,* and on the 31st day of August enclosed and mailed the check in a letter addressed to plaintiffs at their place of business in Philadelphia."

And

"the manager had tendered the attorney a check drawn on a local bank *in which were ample funds to pay* it for the amount of the draft."

And again in stating that a plaintiff may waive his right to have the tender kept good, page 442 of 48 Utah, page 286 of 160 P., by payment into court, the court said:

"That is especially true where, as in this case, the defendant shows that the money was in the bank when the check was tendered and has constantly remained there to *be paid on presentation of the check,* and that it is in the bank at the time of trial." (Emphasis added.)

The case of Cole v. Cole, 101 Utah 355, 122 P.2d 201, while not upon all fours with the instant case, and while possibly of questionable authority upon the point of acceptance by the payee of check as payment of the obligation so that the accrual of interest upon the account thus sought to be paid is stopped, is, nevertheless, strongly persuasive to the conclusion that a check

is not a tender for the purpose of satisfying an obligation unless there are sufficient funds in the account of the drawer, in the depository upon which it is drawn, for payment in full upon its presentation in due course. In that case, the checks had been paid to the clerk of the court and by him transmitted to counsel for the claimant, but were not presented for payment. Sometime later the maker notified counsel for the claimant that he had applied the money originally on deposit to cover the checks, to other uses. The court held the tender, because it had not been continued good, did not stop the accrual of interest upon the amount owing to the claimant during the period that there were no funds in the bank for payment on presentation.

Thus, in this case, it is clear that even though the obligor may have had other bank accounts, or other funds, which could have been changed into, or deposited with the bank upon which the check is drawn, (a situation contended for by plaintiffs but highly questionable upon the record) a tender by check is not good unless there are sufficient funds in the account against which it is drawn, and available for full payment of the check at any time *upon its presentation in due course,* and unless the check is then accepted by the obligee without objection.

A tender, to be good, must be free from any condition which the tenderer does not have a right to insist upon. 62 C.J. 670 Sec. 38; 86 C.J.S., Tender, § 27; Woods v. Dixon, 193 Or. 681, 240 P. 520; Radalj v. Union Savings & Loan Ass'n, 59 Wyo. 140, 138 P.2d 984, 141 P.2d 856. The plaintiffs here had no right to insist upon delivery of a deed as a condition to their making a tender of the purchase price.

A tender must be made in good faith and in such a manner as to most likely, under the circumstances, benefit the creditor. K. & M., Inc. v. LeCuyer, Cal.App., 233 P.2d 569; 107 Cal.App.2d 710, 238 P.2d 28; 107 Cal.App.2d 845, 238 P.2d 33. In this case plaintiffs insisted upon the defendants meeting their convenience by coming to their office to receive a tender of a check which had insufficient funds to cover it.

Plaintiffs complain of the trial court's failure to make Findings of Fact on "all material issues." We have carefully examined these issues specified by the plaintiffs and are satisfied that upon the record before us, and upon the holding of no tender, supra, if findings were made upon the asserted issues such findings would either of necessity be against the plaintiffs—in which cases the plaintiffs could not complain of a failure—or would be wholly immaterial—in which cases a failure, even though erroneous, would not be prejudicial. Cook v. Cook, 110 Utah 406, 174 P.2d 434; Chamberlain v. Abeles, 88 Cal.App.2d 291, 198 P.2d 927; K. & M., Inc. v. Le Cuyer, supra.

Other specific assignments of error are answered in determining the foregoing assignments specifically noticed and disposed of.

The judgment of the trial court is affirmed with costs to the defendants.

CROCKETT, Justice (concurring in result).

The judgment of the trial court can be sustained upon the basis that inasmuch as defendants had stated an objection to payment by check on the very day in which the tender was prepared, and plaintiffs knew or should have known that the offer of their check would be an idle ceremony, it was not incumbent upon defendants to renew their objection to the form of tender when it was made. Under such circumstances, where timely objection had been made to payment by check, the court was justified in finding that the offer of a check was not a valid tender of payment.[1] The trial court having so found, the tender would not have been good no matter how much money there had been in the bank to cover it. It therefore seems immaterial whether there were sufficient funds to cover the check at the time it was drawn.

Beyond the foregoing it seems unnecessary in this case to pass on the legal sufficiency of tender. Lest there be any misunderstanding, I wish to point out that the case of Hirsh v. Ogden Furniture & Carpet Co.[2] does not appear to stand for the proposition that tender by check cannot be good unless funds are in the maker's account at the time of tender. That question was not there passed on. That there were funds in the bank was not questioned, and the court referred to this fact not as a necessary element for a valid tender by check, but rather recited it as an accompanying circumstance. Likewise, Cole v. Cole[3] does not rule on that point. The Cole case dealt with the right of a creditor to recover interest on his money from the time an indebtedness became due to the time of its payment where tender by check had been made but sufficient funds had not been maintained. The majority of the court concluded that interest could be had on the indebtedness unless the debtor continuously kept sufficient funds in the bank to cover the check. Without reference to the soundness of that decision, it is here noted that the question of the legal sufficiency of the tender itself was not decided.

Further I think it unnecessary under the facts of this case to rule as to whether it is essential that sufficient funds be maintained in an account continuously after a check is drawn in order that it may be a valid tender. Though the practice may not be one to be commended, it is not uncommon, in various types of financing of business transactions, to write a check with the expectation of transferring funds or credit

---

1. 23 A.L.R. 1284; Minsky v. Zieve, 255 Mass. 542, 152 N.E. 41, 51 A.L.R. 393, 394; 52 Am.Jur. 229. The right to object to a tender by check may be waived if the tenderee does not at the time specify his objection. § 78-27-3, U.C.A.1953; Hirsh v. Ogden Furniture & Carpet Co., 48 Utah 434, 160 P. 283.

2. 48 Utah 434, 160 P. 283.

3. 101 Utah 355, 122 P.2d 201.

from one account to another, or arranging credit with the bank, or depositing money to cover commitments, if and after, a check is accepted. If such a check were refused there would be no practical use of arranging for the money or credit to cover it. This might entail considerable inconvenience, difficulty or even hardship, to no useful purpose. Serious injustices might result if the offeree in such a transaction could defeat proof of tender simply by showing that the offeror had not sufficient funds in the bank to cover the check at the time it was offered.

The offeree, of course, has a right to reject the tender by check when it is made. This is perfectly proper if he states the ground of his objection, but it is only reasonable that the person making a tender has a right to know the ground of the objection, so that if it be well taken he may protect himself by conforming thereto within the required time. If the offeree has failed to state an objection, or objects on other grounds, it would be manifestly unfair to permit him to defeat proof of tender by check on the sole ground that there were not sufficient funds to cover the check at the time the tender was made, because the offeror may have arranged for payment of the check if it had been accepted. This reasoning is reflected in our statute which requires the person to whom a tender is made to "specify any objection" he has thereto or be "deemed to have waived it".[4]

I concur in affirming the judgment.

McDONOUGH, Chief Justice, concurs in the views expressed by CROCKETT, J.

WADE, Justice (dissenting).

I recognize that both parties tried to play too close to the border line, but think that the forfeiture was based more on technicalities than on real substantial violation of the contract. I do not agree that contract rights should be forfeited under the circumstances of this case.

I am in accord with the ideas expressed by Mr. Justice CROCKETT in regard to tender by check.

HENRIOD, J., having disqualified himself does not participate herein.

WORTHEN, J., not participating.

4. U.C.A.1953, § 78-27-3.