2008 UT 21

**Mark ROBINSON and Lori Robinson, husband and wife, Plaintiffs and Appellants,**

v.

**MOUNT LOGAN CLINIC, LLC, Defendants and Appellees.**

No. 20061168.

Supreme Court of Utah.

Feb. 29, 2008.

William J. Hansen, Karra J. Porter, Salt Lake City, for plaintiffs.

Elliott J. Williams, Dennis C. Ferguson, Robert C. Keller, Salt Lake City, for defendants.

DURRANT, Justice:

## INTRODUCTION

¶ 1 In this case we are called upon to decide whether section 78–14a–102(1) of the

Utah Code [1] shields from liability a therapist who erroneously informs a police officer that a client is not armed when the client is in fact armed. That section provides as follows: "A therapist has no duty to warn or take precautions to provide protection from any violent behavior of his client or patient, except when that client or patient communicated to the therapist an actual threat of physical violence against a clearly identified or reasonably identifiable victim." [2] Because the client here made no actual threat of physical violence to the responding police officer, the statute precludes any duty on the part of the therapist to warn or protect the officer. However, a therapist who, despite being under no obligation to act, undertakes to act has a common-law duty to do so nonnegligently. We therefore reverse the order of the district court granting summary judgment in favor of Mount Logan Clinic (the "Clinic").

## BACKGROUND

¶ 2 Because this matter was decided on summary judgment, we review all facts and inferences in the light most favorable to the nonmoving party.[3] Ms. Charlotte Harris, a therapist at the Clinic, called upon Logan City Police to assist her with a suicidal patient she was treating in her office. Ms. Harris was aware that the patient had a history of threatening violent behavior and had sometimes waved a gun around at home, threatening himself and his family. She also knew that the patient sometimes kept a gun in his truck. At one point during his therapy session the patient returned to his truck. At another point during the session Ms. Harris asked the patient if he had a weapon, to which the patient replied, "Maybe I do, maybe I don't."

¶ 3 Ms. Harris called the Logan City Police Department and requested that officers escort the patient to a secure behavioral modification unit at Logan Regional Hospital. The police dispatch asked Ms. Harris if the patient had "any weapons or anything like that?" Ms. Harris replied, "No." Two offi-

cers, including Officer Mark Robinson, were dispatched to the Clinic. Upon arriving at the Clinic, the officers entered the office with the patient, whereupon the patient became confrontational. At that time Ms. Harris orally informed the officers that the patient might have a weapon. A struggle ensued when the officers attempted to escort the patient out of the clinic. During the struggle, a handgun in the patient's pocket discharged, striking Officer Robinson in the foot.

¶ 4 Officer Robinson and his wife filed a complaint against the Clinic, alleging negligently inflicted personal injury and loss of consortium. The Clinic moved to dismiss, arguing that, pursuant to Utah Code section 78–14a–102(1), it owed no duty to Officer Robinson. The Clinic also argued that public policy or the "fireman's rule" bars a suit for injuries sustained by law enforcement officers summoned as part of their duties. The district court treated the motion as one for summary judgment under rule 12(c) of the Utah Rule of Civil Procedure, which provides as follows: "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ." The district court did not reach the issue of whether public policy or the "fireman's rule" barred the suit because it granted summary judgment in favor of the Clinic on the grounds that the statute precluded a finding of duty.

¶ 5 The Robinsons appeal the district court's grant of summary judgment and its legal conclusion that Utah Code section 78–14a–102(1) removes any duty on the part of the Clinic to exercise reasonable care to protect Officer Robinson. This court has jurisdiction pursuant to Utah Code section 78–2–2(3)(j).

## STANDARD OF REVIEW

¶ 6 Summary judgment is appropriate only when there is no genuine issue of mate-

1. Utah Code Ann. § 78–14a–102(1) (2002).

2. *Id.*

3. *Krantz v. Holt,* 819 P.2d 352, 353 (Utah 1991).

rial fact and the moving party is entitled to judgment as a matter of law.[4] We review the district court's order granting summary judgment for correctness.[5]

## ANALYSIS

¶ 7 We begin our discussion with a plain language analysis of Utah Code section 78–14a–102(1). After we analyze the first clause in that section, which broadly precludes any duty on the part of a therapist to warn or take precautions to protect against a patient's violent behavior, we analyze the second clause, which provides a specific exception to this broad preclusion of duty as to actual threats of physical violence against a clearly identified or reasonably identifiable victim. As we explain below, we conclude that regardless of whether this exception triggers a duty on the part of therapists to their patients as identifiable victims of their own threatened suicide, it clearly does not trigger a duty to a third party such as Officer Robinson, whom the patient had neither threatened nor identified as a victim.

¶ 8 We then discuss whether, notwithstanding the fact that the therapist was excused by the statute of any duty to warn or take precautions, the therapist nevertheless had a duty to exercise reasonable care, given that she did undertake to warn or take precautions. We hold that under the common law, a duty does arise by virtue of a therapist's affirmative act and that the statute does not obviate the duty to exercise reasonable care in such a case.

## I. THE THERAPIST'S STATUTORY DUTY TO WARN OR PROTECT

■■■ ¶ 9 "Our objective in interpreting a statute is to effectuate legislative intent, and that intent is most readily ascertainable by looking to the plain language of the statute."[6] In addition, we construe a statute so "'as to render all parts thereof relevant and meaningful, and interpretations are to be avoided which render some part of a provision nonsensical or absurd.'"[7]

¶ 10 In plain language, Utah Code section 78–14a–102(1) clearly delineates when a therapist has a duty to warn a potential victim about a patient's threat:

A therapist has no duty to warn or take precautions to provide protection from any violent behavior of his client or patient, except when that client or patient communicated to the therapist an actual threat of physical violence against a clearly identified or reasonably identifiable victim. That duty shall be discharged if the therapist makes reasonable efforts to communicate the threat to the victim, and notifies a law enforcement officer or agency of the threat.[8]

The first clause of the first sentence of this section broadly precludes any duty on the part of a therapist to warn or take precautions to provide protection. The second clause of that sentence establishes an exception to this preclusion, imposing a duty on the therapist when a "client or patient communicated to the therapist an actual threat of physical violence against a clearly identified or reasonably identifiable victim."[9] The sentence that follows provides that a duty arising by virtue of the exception is discharged "if the therapist makes reasonable efforts to communicate the threat to the victim, and notifies a law enforcement officer or agency of the threat."[10]

¶ 11 The Clinic argues that a duty did arise by virtue of the exception because the client made a threat of physical violence against a clearly identified individual—himself—when he threatened suicide. Because it was unnecessary to inform the client of his threat against himself, the Clinic argues, Ms. Harris fully discharged her obligation as specified in

4. Utah R. Civ. P. 56(c).

5. *Krantz v. Holt*, 819 P.2d 352, 353 (Utah 1991).

6. *Bluffdale Mountain Homes v. Bluffdale City*, 2007 UT 57, ¶ 30, 167 P.3d 1016 (citation and internal quotation marks omitted).

7. *Jackson v. Mateus*, 2003 UT 18, ¶ 21, 70 P.3d 78 (quoting *Millett v. Clark Clinic Corp.*, 609 P.2d 934, 936 (Utah 1980)).

8. Utah Code Ann. § 78–14a–102(1) (2002).

9. *Id.*

10. *Id.*

the statute by informing law enforcement. We need not reach the question of whether the statute contemplates a client threatening suicide. The question before this court is not whether the therapist owed and discharged a duty to the client but whether the therapist owed and discharged a duty to Officer Robinson.

¶ 12 Whatever duty the statute may have created with respect to the client as a threatened victim of his own suicide, it created no duty with respect to the protection of Officer Robinson. There is no suggestion that there was any actual threat of physical violence to Officer Robinson communicated to Ms. Harris. Therefore, he is not a "clearly identified or reasonably identifiable victim" to which a duty might have arisen by virtue of the exception. Because the exception does not apply, the broad preclusion of duty makes clear that no duty to warn or protect arose as to Officer Robinson. We hold that, under a plain-meaning reading of the statute, the exception does not apply, and Ms. Harris was under no duty to warn or protect Officer Robinson.

## II. THE THERAPIST'S COMMON–LAW DUTY AS TO AFFIRMATIVE ACTS

¶ 13 Although Ms. Harris was under no duty to warn or protect Officer Robinson, she answered the police dispatcher's questions about whether her patient was armed. The Robinsons assert that once Ms. Harris undertook to answer the police dispatcher's questions, she had a duty to do so nonnegligently. We agree.

¶ 14 Our common law follows the rule that, "[w]ith limited exceptions, a person has no affirmative duty to control the conduct of another, to protect another from harm, or to render aid to someone already injured through no act or fault of the person." [11] The statute discussed above is entirely consistent with the common law in that it also provides that the therapist has no affirmative

duty to protect or otherwise act unless the statutory exception applies. [12]

¶ 15 A duty arises, however, when a person undertakes an affirmative act for the benefit of another, whether gratuitously or for pay. In *Stuckman ex rel. Nelson v. Salt Lake City*, we held that a party could be held liable for negligently fencing a waterway even though that party had no general duty to fence in the waterway. [13] We explained that " '[w]here one undertakes an act which he has no duty to perform and another reasonably relies upon that undertaking, the act must generally be performed with ordinary or reasonable care.' " [14]

¶ 16 Once Ms. Harris undertook to act by answering the questions of the police dispatcher, she had an obligation to do so nonnegligently. Under both the statute and the common law, Ms. Harris was under no duty to warn Officer Robinson and would not have been liable had she failed to do so. Nevertheless, a duty arose when she replied to the police dispatcher's question, "He doesn't have any weapons or anything like that?" with an unequivocal "No."

¶ 17 Section 78–14a–102(1) does not remove a therapist's duty in this case. While the statute excuses any obligation to warn or take precautions absent application of the exception, the language of the statute does not purport to excuse a therapist from breaching the standard of care if she does act. Therefore, we hold that the statute leaves intact the right of victims to recover if a therapist fails to exercise reasonable care as to an affirmative act.

¶ 18 Although we conclude that Ms. Harris incurred a duty to act reasonably and that such duty is not obviated by statute, we do not decide the question of whether she did or did not, in fact, act reasonably.

## CONCLUSION

¶ 19 We conclude that Utah Code section 78–14a–102(1) makes clear that, absent a

---

11. *Gilger v. Hernandez*, 2000 UT 23, ¶ 15, 997 P.2d 305; *see also* Restatement (Second) of Torts § 314 (1965).

12. Utah Code Ann. § 78–14a–102(1) (2002).

13. *Stuckman ex rel. Nelson v. Salt Lake City*, 919 P.2d 568, 573 (Utah 1996).

14. *Id.* (quoting Am.Jur.2d. *Negligence* § 208 (1989)).

threat to a clearly identifiable victim, a therapist is under no obligation to act to protect that victim. As Officer Robinson was neither threatened nor identified, the statute imposed no obligation on the part of Ms. Harris to act to warn or protect him. Nevertheless, because Ms. Harris undertook to warn Officer Robinson, the common law imposed a duty to do so nonnegligently. The statute does not purport to alter the common law in the event the therapist does act. Therefore, we reverse the district court's legal conclusion that the statute removes all common law and statutory duties of the therapist with respect to Officer Robinson and remand for proceedings consistent with this opinion.

¶20 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Justice DURRANT'S opinion.